OarutheRS, J.,
delivered the opinion of the Court.
The complainants, Mygatt & Co., have judgments against McClure & Roberts for about $4800, and the other complain *496 ants, Cochran & Co., a judgment against the same for between nine and ten hundred. On all which, executions have been returned unsatisfied. Then, these bills were filed Sept. 28, 1857, to attach the notes, accounts, and other effects of the firm, in the hands of defendants, Stacker & Boardman, acting under Quarles, trustee. The effects were attached, and placed in the hands ef a receiver.
The defence to the bills is. that on the 9th of May, 1857, all these effects were assigned to James M. Quarles, in trust, for the payment of preferred creditors, by R. W. McClure, the partner, in the name of the firm, and by him acknowledged, and duly registered, on the 12th of June, 1857. In the fall of 1856, after having done business several years together, as dry goods merchants, in the town of Clarksville, they became embarrassed, had some difficulty and misunderstanding about their affairs, and determined to close the concern. Neither being willing to trust the other in winding up the business, by selling out the remainder of goods on hand, and collecting and paying the debts, mutually agreed to place the whole business under the control and management of George Stacker, to wind up and settle. For a short time after this, both partners paid some attention to the business, but under the superintendence of Stacker. But both were much absent — particularly McClure, who was engaged in the iron making in West Tennessee. Roberts, before the goods were all sold out, left the State, and settled in St. Louis, leaving the busines, in the hands of Stacker, under the agreement before stated. After Stacker, with Boardman to assist him, had completed the sale of the goods, and settled up much of the business, by collecting and' paying debts, McClure, in the absence and without the knowledge of Roberts, made the deed of trust as before stated, covering all the firm effects.
The complainants insist that this assignment is not in the way of the relief they seek, but that they are entitled to have all the firm effects applied to the satifaction of their judgments. And that is the question in the case. The Chancellor decreed for them, and the defendants appealed.
*497 Either partner may, while the partnership exists, sell all the goods, or make a valid assignment of -them to secure debts against the firm. Lassell v. Tucker, 5 Sneed, 33. But does this power exist after dissolution? ' This partnership was dissolved. Story on Part., § 321; 6 Ves., 119-26. This may be done, “by the voluntary separation of all th.e partners, and their final relinquishment of the whole business thereof.” Here they disagreed, and left the business in the hands of another; and one went to another division of the State, engaged in a different business, and the other removed to Missouri. This was an effectual dissolution, and the question is, whether, after that, either had the power to malte a valid deposition of the joint effects, without the concurrence of the other.
A dissolution does not deprive the partners of all power to act in the settlement of the firm business, for that would be ruinous to all, force creditors into court, and the business into the hands of a receiver, who might be a stranger to it. But each partner is left with full power to do all such acts as may be necessary to settle up and close the business; such as collecting debts and receipting therefor, settling up accounts, receiving property,- applying the firm funds and effects to the payment of the debts, &c. Story on Part., § 328. Yet,'if this power to wfind up and settle the business is delegated to another, upon the dissolution, the partners cannot exercise it. Ib. That was this case. The same effect -would follow if the business had been confided to one of the partners. The power of the others would be in that case excluded.
In Dickerson v. Wheeler, 1 Hum., 51, it is held that one partner, after the dissolution, cannot even pass the title to a firm note, by endorsement. That is, however, upon the ground that he cannot create any new obligation against the firm after it has ceased to exist. The mutual agency to bind each other terminates with the partnership.
We are not aware of any authority that would sustain the power of one partner, after dissolution, to make a valid assignment of the firm effects to secure creditors of -the firm; *498 but that is not necessary to be decided in this case. Here the special agreement to confide the whole business to Stacker, and place all the effects under his entire control, without the interference of either partner, would certainly deprive one of them of the power to apply the joint effects, by assignment or otherwise, to any one, or a part, or all the creditors. It would be an usurpation of authority, and void.
It follows that the Chancellor was right in disregarding the deed of trust, as a nullity, and sustaining the claim of the complainants as judgment creditors, under their attachments, ,to the notes, accounts, &c., in the hands of Stacker.
The decree is affirmed.